# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| AREDIA® AND ZOMETA® PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ) | No. 3:06-MD-1760 |
| (MDL No. 1760) ) | Judge Campbell/Brown |
| ) | |
| This Document Relates to: ) | |
| 3:6-cv-00817 (*Kuzara*) ) | |

## ORDER

Before the court is a second motion for substitution ("the second motion") filed on December 5, 2013. (MDL Doc. 7192; Related Case 71) Counsel seeks to substitute the late Ms. Elizabeth Kuzara's daughter, Dea Elysia Kollekowski (Ms. Kollekowski), as the plaintiff in this case arguing that Ms. Kollekowski "was nominated as executor" of her late mother's last will and testament, and that she has filed a "Small Estate Affidavit . . . for the distribution of [her late mother's] estate . . . ." (MDL Doc. 7192; Related Case 71, ¶ 10, p. 2)

Defendant Novartis Pharmaceuticals Corporation (NPC) has filed a response in opposition to the second motion. (MDL Doc. 7245; Related Case 74) NPC argues that the second motion should be denied and this action dismissed because no one has been appointed as the personal representative of the late Elizabeth Kuzara's estate, and that the interests of the late Elizabeth Kuzara's surviving son, and Ms. Kollekowski's brother, Alexander Kollekowski, have not been addressed. (MDL Doc. 7245, ¶ II, pp. 5-9; Related Case 74) NPC also argues that the second motion should be denied because plaintiff has failed to provide appropriate law and argument to demonstrate that an alternative procedure exists under Wyoming law for plaintiff to continue this lawsuit without being appointed the late Elizabeth Kuzara's personal representative by the Wyoming

courts. (MDL Doc. 7245; Related Case 68)

Plaintiff replied on January 3, 2014 asking the court to "give her a brief period of time to file another 'amended' motion to reflect the substitution of both her and her brother." (MDL Doc. 7278; Related Case 77) Plaintiff also takes the position that, "[a]bsent a directive from the Court, Plaintiff will not respond to th[at] portion of Novartis' opposition" that addresses "whether her filing of a Small Estate Affidavit distributed this lawsuit under Wyoming law . . . ." (MDL Doc. 7278, pp. 1-2; Related Case 77)

Elizabeth Kuzara died on February 7, 2010 following which a suggestion of death was filed on July 8, 2010. (MDL Doc. 3371, Related Case 13) Thereafter, a motion was filed on September 21, 2010 to substitute the late Ms. Kuzara's husband, Don Kollekowski (Mr. Kollekowski), as plaintiff in this case "as the personal representative" of his late wife's estate. (MDL Doc. 3680, ¶ 4; Related Case 14) The motion was granted on September 22, 2010. (MDL Doc. 3687; Related Case 15)

NPC filed a motion on July 12, 2013 to vacate the court's September 22, 2010 order and to dismiss this case with prejudice. (MDL Doc. 6811; Related Case 53) NPC argued that plaintiff failed to comply with Rule 25(a), Fed. R. Civ. P and the Case Management Order. (MDL Doc. 6811; Related Case 53) More particularly, NPC argued that the original motion to substitute Mr. Kollekowski was granted based on the misrepresentations of counsel and, as such, there had not been a proper party in this case in more than for more than three years.

The Magistrate Judge entered a Report and Recommendation (R&R) on September 23, 2013 in fourteen cases – including this one – recommending that all pending motions to vacate and dismiss be denied, that the plaintiffs be ordered "to comply immediately with the substitution

requirements under Rule 25(a) and ¶ V of the CMO," and that the plaintiffs be ordered to do one of the following within 30 days of the date of entry of the order accepting and adopting the R&R:

1. Open probate in accordance with ¶ V of the CMO and file copies of letters of administration/letters testamentary issued by competent state authority to show that plaintiffs have the legal capacity under applicable state law to represent these cases upon remand.

2. Provide proof that probate has been opened in those cases above in which letters of administration/letters testamentary have not yet been issued, with an estimate as to when those letters will be issued.

3. Provide appropriate law and argument if it is contended that there is an alternative procedure under state law to appoint a personal representative of a deceased plaintiff's estate.

(MDL Doc. 7011, p. 2; Related Case 60) The R&R further recommended that counsel be put on notice that "failure to comply with the Rule 25(a), the CMO, or this order by the times specified could result in the respective cases being dismissed with prejudice and/or sanctions imposed for failure to obey the orders of the court." (MDL Doc. 7011, p. 2; Related Case 60) The District Judge adopted and approved the R&R on November 5, 2013. (MDL Doc. 7107; Related Case 68) Counsel for plaintiff makes specific reference to the District Judge's November 5, 2013 order in the second motion.[1] (MDL Doc. 7192, ¶ 6, p. 1; Related Case 71)

Counsel's statement that Ms. Kollekowski "was nominated as executor" of her late mother's last will and testament, and that she has filed a "Small Estate Affidavit . . . for the distribution of [her late mother's] estate . . . ." does not establish that probate has been opened. Counsel's statement does not satisfy the requirement to provide the court with letters of administration or letters

---

[1] Plaintiff acknowledges in the second motion that plaintiffs are required "to provide the Court with . . . appropriate law and argument if it is contended that probate is not required under the applicable state law." (Doc. 7192, ¶ 5; Related Case 71)

3

testamentary. Counsel's statement does not constitute "appropriate law and argument" that being nominated as executor of a deceased person's estate, and filing a Small Estate Affidavit for the distribution of that estate, constitutes an alternative procedure under Wyoming law to being appointed by the state courts as personal representative of a deceased person's estate. The Magistrate Judge notes that it was with respect to the last requirement, *i.e.*, to provide appropriate law and argument, that plaintiff specifically refused to respond without a "directive" of the court.

The court is not required to provide further "directive" to counsel before he is required to comply with a prior order of the court entered in this Case. Because counsel acknowledges the District Judge's November 5, 2013 in the second motion, and because counsel specifically declines to comply with the unambiguous terms of that order even while acknowledging those requirements, counsel is sanctioned one thousand dollars ($1,000.00) for his blatant disregard for that prior order. Counsel shall pay the full amount of the $1,000.00 sanction within thirty (30) days of the date of entry of this order on the docket.

In addition to the foregoing, the second motion for substitution (MDL Doc. 7192; Related Case 71) is **DENIED**. Counsel may, however, renew the motion for substitution **NOT LATER THAN** April 28, 2014 taking care to clarify the role/interests of Mr. Kollekowski,[2] who remains the

---

[2] Counsel has not explained why Mr. Kollekowski will not continue as the plaintiff in this case. The only hint on this point appears in the following footnote in NPC's opposition to the second motion:

> Ms. Kuzara never intended for Don Kollekowski to represent her estate or to be a beneficiary thereof. In her will, Ms. Kuzara nominated Dea Kollekowski as executor of her estate and nominated another individual, Cindy Perciful, as executor if Dea Kollekowski was unable to serve as such. ECF 7192-2. Ms. Kuzara's will also requested that Don Kollekowski waive his elective share of her estate, which he did by signing the "Waiver of Elective Share" attached to Ms. Kollekowski's Small Estate Affidavit. *Id*.

(MDL Doc. 7245 p. 3, n. 3; Related Case 74) Exhibits to the second motion confirm NPC's written observations above.

4

substituted plaintiff of record in this case, and Ms. Kollekowski's brother, Alexander Kollekowski. Counsel is forewarned that failure to comply with the District Judge's November 5, 2013 order in any renewed motion for substitution may result in further sanctions.

    It is so **ORDERED**.

    **ENTERED** the 7th day of April, 2013.

    /s/Joe B. Brown
    Joe B. Brown
    United States Magistrate Judge